**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EBONY JONES, and MARLA WALKER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LEMONADE INC., <br><br> Defendant. | Case No. 21 cv 4513 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Lemonade Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

**I.  Threshold Requirements**

1. On July 15, 2021, Plaintiffs Ebony Jones and Marla Walker ("Plaintiffs") filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, captioned *Ebony Jones and Marla Walker v. Lemonade Inc.*, No. 2021-CH-03460 (the "State Court Action").

2. Defendant was served with a copy of the Complaint and Summons in the State Court Action through its registered agent on July 29, 2021.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendant was served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1**.

5. Plaintiffs allege that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of Defendant's AI-powered insurance app. (Ex. 1 ("Compl."), ¶¶ 44, 51-55). Specifically, Plaintiffs allege that Defendant "did not disclose to its customers the extent to which it was collecting and using their sensitive biometric (and other information)" and failed to provide "the requisite notice, obtain[] the requisite written releases," and "failed to use a reasonable standard of care to protect Plaintiff's and Class Members' biometric identifiers and information from disclosure." (Compl. ¶¶ 48-53). Based on those allegations, Plaintiffs assert two counts of alleged violations of BIPA, in both their individual and representative capacity. (Compl. ¶¶ 85-105). Plaintiffs seek to represent a putative class of "[a]ll individuals whose biometric identifiers or biometric information were collected, captured, stored, used, transmitted, received, or otherwise obtained and/or disseminated by Lemonade within the State of Illinois within the applicable limitations period (the "Class")." (Compl. ¶ 78.)

6. The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiffs bring in this case. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (holding there is Article III jurisdiction over claims under Section 15(a) of BIPA where plaintiff alleges unlawful retention of data)[1]; *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims).

---

[1] Section 15(a) requires destruction "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Plaintiffs allege that Lemonade failed to maintain retention schedules and guidelines for permanently destroying biometric data. (Compl. ¶¶ 92-93.)

2

**II.     Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)**

7.     Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

8.     Plaintiffs estimate that the putative class "includes at least thousands of Members." (Compl. ¶ 80.)

9.     The class must contain at least two thousand people to constitute "thousands" of persons. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

10.     According to the allegations in the Complaint, Plaintiffs are residents and citizens of Illinois. (Compl. ¶¶ 18, 19).

11.     Defendant is a Delaware corporation with its headquarters and principal place of business in New York, New York.  (Compl. ¶ 20.)

12.     Because Plaintiffs are citizens of Illinois and Defendant is a citizen of Delaware, at least one member of the class of plaintiffs is a citizen of a State different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

---

[2]     By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

13. Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)–(4).

14. For purposes of assessing the amount in controversy, Plaintiffs' allegations are accepted as true. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

15. Plaintiffs seek "declaratory relief," "injunctive and equitable relief," "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1)" and "reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)." (Compl. ¶¶ 94, 105.)

16. Because Plaintiffs are seeking statutory damages of up to $5,000.00 for each alleged violation, in addition to attorney's fees and unspecific injunctive and equitable relief, and alleges that the number of persons within the class amount to "thousands" of persons—which must be at least two thousand people—the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).[3]

17. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

---

[3] If damages are calculated on a per-person basis and there are at least 2,000 class members, the amount in controversy would be $10,000,000, plus attorneys' fees and the value of other unspecific relief that Plaintiff seeks.

4

**III.     Venue**

18.     Venue is proper in the Eastern Division of the Northern District of Illinois, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

19.     Defendant will provide written notice of the filing of this Notice of Removal to Plaintiffs and the Circuit Court of Cook County.

WHEREFORE, Defendant Lemonade Inc. hereby removes this civil action to this Court on the bases identified above.

Dated:  August 24, 2021              LEMONADE INC.

                                     By:  /s/ Amy L. Lenz

                                     Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
                                     Amy L. Lenz (alenz@bakerlaw.com)
                                     **BAKER & HOSTETLER LLP**
                                     One North Wacker Drive, Suite 4500
                                     Chicago, Illinois 60606-2841
                                     Telephone: (312) 416-6200

                                     Joel Griswold (jcgriswold@bakerlaw.com)
                                     **BAKER & HOSTETLER LLP**
                                     200 South Orange Avenue, Suite 2300
                                     Orlando, Florida 32801-3432
                                     Telephone: (407) 649-4088

                                     *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via First Class U.S. Mail and email on August 24, 2021, to:

Gary M. Klinger
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Phone: (202) 429-2290
Fax: (202) 429-2294
gklinger@masonllp.com

Gary E. Mason*
David K. Lietz*
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Phone: (202) 429-2290
Fax: (202) 429-2294
gmason@masonllp.com
dlietz@masonllp.com

*Attorneys for Plaintiffs & the Proposed Class*

/s/ Amy L. Lenz