

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 9178 | DATE | 2/26/2003 |
| CASE TITLE | Latroy Hubbard vs. Certified Grocers Midwest, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Answer ¶19 is stricken, but with leave granted to replead. Both AD 1 and AD2 are stricken, but without prejudice to their being replaced by a proper identification of any problems with the scope or timing of Hubbard's action in relation to his EEOC charge. Any proposed amendment to Certified Grocers' responsive pleading to deal with the issues identified in this memorandum must be filed in this court's chambers on or before March 7, 2003.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 28 2003 date docketed | 3 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/26/2003 date mailed notice | |
| SN | courtroom deputy's initials | 03 FEB 27 PM 3:38 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LATROY HUBBARD,                    )
                                   )
            Plaintiff,             )
                                   )
    v.                             )   No. 02 C 9178
                                   )
CERTIFIED GROCERS MIDWEST, INC.,   )
                                   )
            Defendant.             )

DOCKETED
FEB 2 8 2003

MEMORANDUM ORDER

Certified Grocers Midwest, Inc. ("Certified Grocers") has filed its Answer and Affirmative Defenses ("ADs") to the employment discrimination action brought against it by its ex-employee Latroy Hubbard. This memorandum order is issued sua sponte to address two flaws in that responsive pleading.

To begin with, Answer ¶19 does not conform to the disclaimer required by the second sentence of Fed. R. Civ. P. 8(b) to obtain the benefit of a deemed denial of the corresponding Complaint allegations. In that respect, see App.¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Answer ¶19 is therefore stricken, but with leave granted to replead.

If that had been the only problem with the response, this Court would not have troubled itself with the issuance of this memorandum order. But in this instance ADs 1 and 2 are problematic as well. Each begins "To the extent..." which is a sure tipoff to the fact that neither provides adequate notice (or

indeed, any notice at all) of any deficiency in Hubbard's claim. As framed, each is purely tautological. Accordingly both AD 1 and AD 2 are stricken, but without prejudice to their being replaced by a proper identification of any problems with the scope or timing of Hubbard's action in relation to his EEOC charge.

Any proposed amendment to Certified Grocers' responsive pleading to deal with the issues identified in this memorandum order must be filed in this Court's chambers (with a copy of course being transmitted to Hubbard's counsel) on or before March 7, 2003. Absent such a timely filing, Complaint ¶19 will be deemed to have been admitted and ADs 1 and 2 will be deemed to have been withdrawn.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 26, 2003