
Minute Order Form (6/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9178 | **DATE** | 3/11/2003 |
| **CASE TITLE** | Latroy Hubbard vs. Certified Grocers Midwest, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due____. Reply to answer brief due____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Order. Affirmative Defense 1 is stricken as a matter of law.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 13 2003 | 5 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 3/12/2003 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| SN | courtroom deputy's initials | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 1 3 2003

LATROY HUBBARD, )
)
Plaintiff, )
)
v. ) No. 02 C 9178
)
CERTIFIED GROCERS MIDWEST, INC., )
)
Defendant. )

MEMORANDUM ORDER

In response to this Court's February 26, 2003 memorandum order ("Order"), counsel for Certified Grocers Midwest, Inc. ("Certified Grocers") have filed its Amended Answer and Affirmative Defenses ("ADs") to the employment discrimination action brought against Certified Grocers by its ex-employee Latroy Hubbard. That new pleading has satisfactorily addressed each of the matters referred to in the Order, in particular by sharpening up the AD 1 assertion that part of Hubbard's allegations are assertedly beyond the scope of the charge that he had filed with EEOC.

But having said that, this Court strikes AD 1 as a substantive matter. It has long been the rule in this Circuit that, as recently reconfirmed in Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 550 (7th Cir. 2002)(citations and internal quotation marks omitted):

> Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC. This rule both afford[s] an opportunity for the EEOC to settle the dispute between the employee

and employer and put[s] the employer on notice of the charge against it. Nevertheless, this court has allowed plaintiffs to proceed on claims not explicitly set forth in a charge of discrimination if the claim is like or reasonably related to the EEOC charges and the claim in the complaint reasonably [could] be expected to grow out of an EEOC investigation of the charge[ ]. For purposes of this standard, [t]he claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals.

To the same effect, the Court of Appeals has commented from time to time on the needless waste involved if an employee had to be sent back to EEOC to file an additional charge of discrimination in such circumstances.

In this instance Hubbard's June 21, 2002 EEOC charge (Complaint Ex. B) followed his recitation of assertedly discriminatory treatment on the part of Certified Grocers with this statement:

On June 9, 2002 I was threatened with termination. According to Complaint ¶¶17-20, within less than two months thereafter, and while the investigation of that charge remained pending, Hubbard was indeed terminated. That squarely fits the quoted language from Peters (and the uniform holdings of other Seventh Circuit cases), and so AD 1 is stricken as a matter of law.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 11, 2003